Cook v SI Care Ctr. (2025 NY Slip Op 03176)

Cook v SI Care Ctr.

2025 NY Slip Op 03176

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-07642
 (Index No. 150661/18)

[*1]Tiffany Breland Cook, etc., respondent,
v
SI Care Center, et al., appellants.

Martin Clearwater & Bell LLP, New York, NY (Richard Wolf, Barbara D. Goldberg, and Karen B. Corbett of counsel), for appellant SI Care Center.
Barker Patterson Nichols, LLP, Valhalla, NY (Adonaid C. Medina of counsel), for appellant Richmond University Medical Center.
Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn, Lauren E. Bryant, and Ross Friscia], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendant SI Care Center appeals, and the defendant Richmond University Medical Center separately appeals, from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated June 8, 2023. The order granted the plaintiff's motion, in effect, for leave to renew her opposition to the separate prior motions of the defendant SI Care Center and the defendant Richmond University Medical Center to dismiss the complaint insofar as asserted against each of them, which had been granted in an order of the same court dated May 4, 2023, and, upon renewal, in effect, vacated the order dated May 4, 2023, and thereupon, denied the separate prior motions.
ORDERED that the order dated June 8, 2023, is affirmed, with one bill of costs.
The plaintiff, as administrator of the estate of the decedent, commenced this action, among other things, to recover damages for medical malpractice and wrongful death. The defendants, SI Care Center and Richmond University Medical Center, separately moved to dismiss the complaint insofar as asserted against each of them on the grounds, inter alia, that the plaintiff's letters of administration had been revoked, that the decedent's estate had failed to timely substitute an administrator pursuant to CPLR 1021, and that the plaintiff lacked capacity to maintain the action. In an order dated May 4, 2023, the Supreme Court granted the separate motions (hereinafter the May 2023 order).
Thereafter, the plaintiff moved, in effect, for leave to renew her opposition to the defendants' separate prior motions to dismiss the complaint insofar as asserted against each of them, contending that the letters of administration had been restored. In an order dated June 8, 2023, the Supreme Court granted leave to renew and, upon renewal, in effect, vacated the May 2023 order and thereupon, denied the separate prior motions. The defendants separately appeal.
"[A] motion for leave to renew 'shall be based upon new facts not offered on the prior [*2]motion that would change the prior determination' and 'shall contain reasonable justification for the failure to present such facts on the prior motion'" (Deutsche Bank Natl. Trust Co. v Futerman, 232 AD3d 656, 660-661 [internal quotation marks omitted], quoting CPLR 2221[e][2], [3]). "A motion for leave to renew . . . is addressed to the sound discretion of the Supreme Court" (Fulcher v Empire State Grand Council Ancient & Accepted Scottish Rite Masons, Inc., 222 AD3d 721, 723 [internal quotation marks omitted]). Here, the new facts not offered in opposition to the separate prior motions would have changed the prior determination (see Deutsche Bank Natl. Trust Co. v Futerman, 232 AD3d at 661; Cristiano v York Hunter Servs., Inc., 99 AD3d 751, 752). Moreover, under the circumstances, the plaintiff supplied a reasonable justification for her failure to present these facts in opposition to the separate prior motions (see Deutsche Bank Natl. Trust Co. v Futerman, 232 AD3d at 661; Blackman v Red Lobster Hospitality, LLC, 222 AD3d 825, 826).
Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion, in effect, for leave to renew her opposition to the defendants' separate prior motions to dismiss the complaint insofar as asserted against each of them and, upon renewal, in effect, vacating the May 2023 order and thereupon, denying the separate prior motions.
DUFFY, J.P., WOOTEN, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court